UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ASPEN INSURANCE UK LIMITED,
                        Plaintiff,

-v-

A & R ABLE CORP., AR & R ASSOCIATES, INC., and
JEROME MARZAN,
                        Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 02 2013

12 Civ. 00261 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      On January 12, 2012, Plaintiff ("Aspen") filed this action seeking a declaratory judgment that it is not obligated to defend or indemnify Defendants A &R Able Corp. and AR&R Associates, Inc. (collectively "the A&R Defendants") in an underlying state court litigation brought against the A&R Defendants by the estate of Jerome Marzan, also a Defendant here (the "Marzan Estate"). (D.E. 1). The Marzan Estate has appeared in this action, but the AR&R Defendants have not. On July 13, 2012, the court issued an Order to Show Cause why a default judgment should not be entered against the A&R Defendants. (D.E. 23). The proposed default judgment submitted by Aspen requested, among other things

> a declaration, pursuant to 28 U.S.C. section 2201, that Aspen is not obligated to defend or indemnify Defendants A&R or AR&R in connection with Defendant Jerome Marzan's claim(s), as Administrator of the Estate of Francisco Marzan, of bodily injury and/or wrongful death arising out of an alleged accident on May 8, 2009 or any such claims set forth in the Marzan Lawsuit, or to pay any judgments which may be rendered against Defendants A&R or AR&R in connection with the Marzan Lawsuit or any other lawsuit filed by or on behalf of Defendants Jerome Marzan or Francisco Marzan regarding the alleged accident on May 8, 2009; [and] a declaration that the foregoing judgment and declarations, if issued by the Court, shall provide Aspen with a full and complete defense as to any claim, action or proceeding brought against Aspen by Defendants A&R or AR&R, or by any other party, in connection with the Marzan Lawsuit or any other lawsuit filed by or on behalf of Defendants Jerome Marzan or Francisco Marzan

A hearing was held on September 18, 2012, at which Plaintiff and the Marzan Estate appeared, but neither of the A&R Defendants appeared. (D.E. 18). At that conference, counsel for the Marzan Estate objected to the proposed default judgment to the extent that it would prejudice the rights of the Marzan Estate. For example, the proposed default judgment, by its terms, would "provide Aspen with a full and complete defense as to any claim . . . brought against Aspen . . . by any other party[ ] in connection with the Marzan Lawsuit" apparently including the Marzan Estate. Likewise, the proposed declaration that Aspen is not obligated to indemnify the A&R Defendants could prejudice the Marzan Estate's rights in the event that a favorable judgment is obtained in the underlying state action. In response, Aspen vigorously argued that it was entitled to default judgment as requested notwithstanding the Marzan Estate's appearance in this action. The Court directed the parties to submit letters addressing this dispute, which are attached.

The Court cannot grant the default judgment requested by Plaintiff; doing so would prejudice the rights of the Marzan Estate, which has properly appeared in this action and potentially lead to inconsistent results. *See Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2002 U.S. Dist. LEXIS 21917, at *7-14 (S.D.N.Y. Nov. 12, 2002) ("It is premature at this point for the Court to enter a final judgment against Defaulting Defendants; the potential liability of the Appearing Defendants is still unresolved and the ultimate liability of the Defaulting Defendants hangs in the balance."); *Nautilus Ins. Co. v. Watson*, 2012 U.S. Dist. LEXIS 135754, at *4 (D. Conn. Sept. 10, 2012) (rejecting request for entry of default judgment against defaulting defendant where all defendants shared a closely related, if not identical, defense); *cf. United States v. First Funds LLC*, 2012 U.S. Dist. LEXIS 56630, at *6-9 (S.D.N.Y. Apr. 19, 2012) (explaining that it in appropriate in cases of joint liability to assess damages against

2

defaulting defendant until liability and damages are determined against the non-defaulting defendants); *Hudson v. Universal Pictures Corp.*, 2004 U.S. Dist. LEXIS 11508, *14-15 (E.D.N.Y. Apr. 29, 2004) (noting that it is unseemly and absurd to allow a default judgment against one defendant where claims against similarly situated co-defendants have been found meritless). However, the Court concludes that the A&R Defendants have forfeited their right to appear in this litigation. *See Diarama Trading Co.*, 2002 U.S. Dist. LEXIS 21917, at *9-10 (quoting the Supreme Court's decision in *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), which noted that in these circumstances "the defaulting defendant has . . . lost his standing in court" and would not be permitted to adduce evidence or appear in any way).

The Court is not persuaded by Plaintiff's objections that the Marzan Estate's arguments are untimely because the Marzan Estate did not raise them in written form prior to the hearing. The Order to Show Cause does not require written objections to the proposed default to be served (D.E. 23), and the Marzan Estate appeared at the hearing and raised objections to the default judgment to the extent it prejudices its rights.

The motion for default judgment as to the A&R Defendants (D.E. 12) is DENIED with leave to refile once the claims in this litigation against the Marzan Estate are resolved. Pursuant to the Court's direction at the September 18, 2012 hearing, the parties must submit a proposed case management plan no later than a week after the date of this order.

SO ORDERED.

Dated: January __, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge

3

# Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C.

| MAIL ALL CORRESPONDENCE TO:<br>100 Herricks Road<br>Mineola, NY 11501<br>(516) 741-5252<br>Fax: (516) 741-0799 | 766-768 Broadway<br>Suite 1<br>Bayonne, NJ 07002<br>(800) 526-6670 | Concourse Plaza<br>220 East 161st Street<br>Bronx, NY 10451<br>(800)-526-6670 |
|---|---|---|

September 20, 2012

Via Electronic Mail

The Honorable Alison J. Nathan
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

    Re: *Aspen Insurance UK Limited v. A&R Able Corp., AR&R Associates, Inc. and Jerome Marzan, as Administrator for the Eatate of Francisco Marzan*
       12 Civ. 00261 (AJN)

Honorable Madam:

  As the Court is aware, I represent defendant Jerome Marzan as Administrator of the Estate of Francisco Marzan in the above referenced action. I write in opposition to the Order to Show Cause filed on behalf of the plaintiff in the above referenced matter and pursuant to the Court's directive.

  The Estate of Francisco Marzan has appeared in the action. Defendant A &R Able Corp. and AR&R Associates, Inc. have failed to appear. Plaintiff's application for a default judgment requests of this Honorable Court "final judgment for Aspen Insurance UK Limited." Defendant Marzan objects to the third and fourth requested orders set forth in plaintiff's application.

  The third order requested is a declaration that Aspen is not obligated under its policy to defend or indemnify A&R or AR&R. The fourth requested order requested is a declaration that the final judgment requested be deemed a complete defense to any claim asserted against Aspen by A&R or AR&R "or by any other party."

  Plaintiff is thus asking for a final judgment on all issues in the action. Plaintiff commenced suit against its insured and the Estate of Francisco Marzan. Plaintiff rightfully pleaded that the Estate was a necessary party as a determination of the issues joined would negatively impact the Estate's interests in the underlying state court action. (*See* complaint paragraph 26.)

The Estate of Francisco Marzan has appeared in the action and asserted denials to causes of action set forth. There has been no discovery to date. Depositions and document discovery could most certainly establish facts that the plaintiff must afford coverage and a defense to the action. The Estate defendant, as a necessary party, has the right to litigate the issues even where the insured elects against doing so.

The Court's attention is directed to *Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, 54 Fed. R. Serv. 3d 43 (S.D.N.Y. 2002). Therein, the Court confirms "[t]he principles governing the default of some but not all defendants in a case derive from the Supreme Court's 1872 decision in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)." *Diarama*. In *Frow*, fourteen defendants were alleged to have participated in a fraud that involved a large tract of land. One defendant failed to appear and default judgment was entered against just that defendant. The other thirteen defendants appeared and proceeded to trial, prevailing against the plaintiff. *Frow* at 553.

"On appeal, the Supreme Court reversed the default judgment, noting that '[i]f the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law." *Diarama* citing *Frow* at 553.

The *Frow* Court determined that the proper procedure where there are multiple defendants and one is in default "is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant's favor, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all." *Frow* at 553.

'Accordingly, following *Frow*, '[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the trial [sic] of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.' *Exquisite Form Industries, Inc. v. Exquisite Fabrics of London*, 378 F.Supp. 403, 416 (S.D.N.Y.1974); see also *Lite-Up Corporation v. Sony Music Corporation*, 1999 WL 436563, *2 (S.D.N.Y.1999) (holding that, the Court having entered default but not default judgment against one defendant, "[i]f the remaining defendants prevail, then the defaulting defendant will be exonerated,

whereas if the plaintiff prevails on the merits, judgment will be entered against all defendants, including the defaulting party"); *Menon v. Utica Estates Company*, 1987 WL 14922 (S.D.N.Y.1987) (citing and following *Frow* in denying plaintiff's motion for default judgment and holding that the liability of defaulting "defendants will be determined at trial, along with that of all other defendants")." *Diarama*.

The Estate of Francisco Marzan has appeared herein, intends to litigate the issues joined and cannot be barred from doing so by the failure of co-defendants to appear. Plaintiff can lose on the merits and if it does, the complaint against all defendants, including the defaulting defendants, will be dismissed.

Based upon the foregoing, the Court's order of default, must be limited in accordance with the principles set forth in *Frow* and *Diarama*.

Respectfully submitted,

*Edward J. Nitkewicz*

Edward J. Nitkewicz

cc:  John P. De Filippis, Esq.
     Clausen Miller, P.C.



| | CLAUSEN MILLER P.C. | CLAUSEN MILLER L.L.P. | CLAUSEN MILLER EUROPE |
|---|---|---|---|
| *Clausen Miller* PC | CHICAGO, IL<br>IRVINE, CA<br>NEW YORK, NY<br>PARSIPPANY, NJ<br>WHEATON, IL | LONDON, ENGLAND | Clausen Miller P.C.<br>Clausen Miller L.L.P., LONDON<br>Tetaud-Lambard-Jami & Associés, PARIS<br>Studio Legale Corapi, ROME<br>van Cutsem-Wittamer-Marnef & Partners, BRUSSELS |

*Attorneys at Law*  One Chase Manhattan Plaza, 39th Floor • New York, NY 10005 • www.clausen.com
Tel: 212.805.3900 • Fax: 212.805.3939

John P. De Filippis
Direct Line:  (212) 805-3997
Email:  jdefilippis@clausen.com

October 2, 2012

**By Electronic Service**
Hon. Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

>  Re:   *Aspen Insurance UK Limited v. A & R Able Corp.,*
>        *AR&R Associates, Inc. and Jerome Marzan, as*
>        *Administrator for the Estate of Francisco Marzan*
>        Docket No.:        12-Civ-0261 (AJN)
>        Our File No.: _____

Dear Judge Nathan:

We represent Plaintiff Aspen Insurance UK Limited ("Aspen") in the above-referenced matter. As per the Court's recent Order, please allow this correspondence to serve as Aspen's response to the opposition of Defendant Jerome Marzan, as Administrator of the Estate of Francisco Marzan ("Marzan"), to Aspen's Motion for a Default Judgment against Defendants A & R Able Corp. ("A & R") and AR&R Associates, Inc. ("AR&R").

As a preliminary point, Aspen respectfully reiterates its objection to Marzan's belated opposition, given that counsel had more than two months to serve written opposition to Aspen's Motion before oral argument was held, but failed to do so. Instead, counsel for Marzan raised his concerns for the very first time -- with no advance notice -- during oral argument on Aspen's Motion for a Default Judgment. Even then, counsel appeared to object only to the fourth request for relief in the proposed Final Judgment previously submitted to the Court. Now, Marzan, by counsel's September 20, 2012 letter, also objects to the *third* request for relief as well.[1]

---

[1] In the third request for relief in the proposed Final Judgment, Aspen seeks an Order and declaration that Aspen is not obligated under the subject General Liability Policy to defend or indemnify its named insureds, A & R and AR&R, in the underlying wrongful death lawsuit by Marzan. In the fourth request for relief, Aspen seeks an Order that "the foregoing Default Judgments and declarations provide Aspen with a full and complete defense as to any claim against Aspen" by its insureds or by "any other party" with regard to the underlying Marzan lawsuit.

Hon. Alison J. Nathan, U.S.D.J.
October 2, 2012
Page 2

Notably, Marzan has not objected to the first two requests for relief contained in the proposed Final Judgment, by which Aspen seeks an Order granting Default Judgments in favor of Aspen against A & R and AR&R. As no objection has been made to these requests, Aspen respectfully submits that this relief be granted.

Without waiving the foregoing objections, Aspen disputes Marzan's opposition to the third element of the proposed Final Judgment because Aspen is absolutely entitled to a declaration that it has no duty to defend or indemnify A & R and/or AR&R in the underlying lawsuit. As discussed below, refusing such relief will subject Aspen to great prejudice and deny Plaintiff its right to a judgment against the non-appearing Defendants. Furthermore, based on: (i) the allegations of the Complaint herein; (ii) the allegations in the underlying Marzan Complaint; (iii) the admissions in Marzan's Answer to the Aspen Complaint; (iv) the express terms of the policy issued by Aspen to A & R and AR&R, Aspen has no coverage obligation to Marzan and will have no such obligation in the future.

Furthermore, the legal authority cited by Marzan to support denial or minimization of the Default Judgment sought by Aspen is distinguishable from the instant matter and unpersuasive. Significantly, none of the cited cases involve an insurer seeking a default judgment in a declaratory judgment action against a non-appearing named insured. Instead, each case cited by Marzan involves multiple defendants who are similarly situated or in privity, and against whom similar tortious allegations have been made. By contrast, Aspen entered into a contract only with A & R and AR&R, not with Marzan. Therefore, Aspen is not in privity with Marzan. Moreover, this lawsuit does not involve claims of tortious liability against, or for damages from, any of the Defendants.

Essentially, the cases cited by Marzan all rely on a single case: the Supreme Court's 1872 decision in *Frow v. De La Vega*, 82 U.S. 552 (1872), which involved a claim against fourteen (14) defendants for conspiring to defraud plaintiff of his land. There, the Supreme Court, in a one-page decision, held that a default may be entered against a non-appearing party but the Court should "proceed with the cause upon the answers of the other defendants." *Frow*, 82 U.S. at 554.

Here, by contrast, Defendants A & R and AR&R stand apart from Defendant Marzan: Aspen is defending the first two Defendants, as named insureds under an Aspen insurance policy, in an underlying lawsuit brought against them by the third Defendant. Additionally, a judgment against A & R and AR&R will not preclude a recovery by Marzan in the underlying action. Further, unlike *Frow*, there are no claims for damages in this action. This is a declaratory judgment action. Therefore, *Frow* is not precisely on point.

Marzan also cites a number a trademark infringement cases in opposition to Aspen's position: *Diarama Trading Co., Inc. v. J. Walter Thompson USA, Inc.*, 2002 WL 31545845 (S.D.N.Y.), 54 Fed. R. Serv. 3d 43 (S.D.N.Y. 2009) and *Lite-Up Corp. v. Sony Music Entertainment, Inc.*, 1999 U.S. Dist. LEXIS 9402 (S.D.N.Y. 1999) involved trademark claims against multiple defendants where less than all of the defendants failed to appear. In these cases the default judgments were limited because a final judgment would affect all of the related

defendants, the issue of liability had not been resolved, and because "Plaintiff has made no showing of prejudice flowing from the Court's holding Plaintiff's Motions for Default Judgement in abeyance." *Diarama*, at *4. In *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403 (S.D.N.Y. 1974), another trademark infringement action cited by Marzan, the default issue was not even before the Court. Finally, Marzan also cites *Menon v. Utica Estates Co.*, 1987 U.S. Dist. LEXIS 6502 (S.D.N.Y. 1987), where plaintiff sought damages and injunctive relief for claims of conspiracy by defendants to wrongfully dispossess her of a Manhattan apartment.

This case is not about tortious behavior, conspiracy, trademark damages or the deprivation of real property. Aspen is not seeking a finding of liability or damages against any defendant. Here, Marzan is not an insured under the subject policy by Aspen, nor is the estate in privity with Aspen. Contrary to plaintiffs in the cited cases, Aspen will be greatly prejudiced by not obtaining a default judgment and a declaration as to its rights with regard to the Aspen policy.

Here, Aspen seeks a declaration that it has no duty to defend or indemnify A & R or AR&R. Aspen seeks this relief because it is currently defending its named insureds in the underlying action under a reservation of rights and because it has learned that the claims against AR&R in the underlying action (there are no claims specifically against A & R) do not arise out of HVAC operations, the only operations covered under the subject policy. Therefore, the declaration sought by Aspen is necessary as a prerequisite to Aspen withdrawing the defense it is providing to the defendants in the underlying Marzan lawsuit. Until such a declaration is granted, Aspen must continue to expend monies to defend an action it has no obligation to defend.

Furthermore, the notion that without the coverage provided by Aspen, Marzan will be left without remedy is also incorrect. This is because Marzan may continue to prosecute the underlying action against AR&R, and, if successful, may seek satisfaction of any judgment obtained from other assets of AR&R's, such as other insurance, or available corporate property or assets (such as the building owned by AR&R's owner, where the alleged accident is claimed to have occurred).

Additionally, District Courts in a number of cases have granted insurers default judgments in declaratory judgment actions involving questions of insurance coverage obligations similar to those in this matter. *See, e.g., All Am. Ins. Co. v. Morris*, 2011 WL 5330302 (E.D. Va.), a declaratory judgment action filed by an insurer against multiple defendants regarding issues of coverage under an insurance policy issued by the plaintiff for claims made in an underlying bodily injury lawsuit; *Nautilus Ins. Co. v. SER Trucking, Inc.*, 2011 WL 5909875 (D. Hawai'i) ("Nautilus I")(default judgment granted); and *Nautilus Ins. Co. v. Waikoloa Enterprises, Inc.*, 2012 WL 1983196 (D. Hawai'i)(same result in action against multiple defendants)("Nautilus II").

Hon. Alison J. Nathan, U.S.D.J.
October 2, 2012
Page 4

In the *Nautilus* cases, the plaintiff insurer was held to be entitled to a default judgment because:

- it was defending the defendant/named insured in an underlying lawsuit under a reservation of rights;

- "[f]ailure to grant the Motion would clearly [prejudice] Nautilus" since the named insured had failed to respond to the DJ Complaint and had delayed the action by Nautilus for months. "Meanwhile Nautilus has been providing a defense to its insured pursuant to reservation of tis rights, and is entitled to a resolution of whether coverage is owed under the Nautilus Policies." *Id.* at *5;

- the language of the insurance policy indicated no coverage obligation;

- the "allegations of the Nautilus Complaint are sufficiently pled and supported by facts in the record." *Id.* at *7;

- no money damages were sought;

- a comparison of the relevant policies to the allegations contained in the underlying complaints showed "no dispute concerning material facts." *Id.*;

- the named insured's default "was not due to excusable neglect" as service had been was properly executed and all filings were served upon the defaulting defendant. *Id.*; and

- "further proceedings in this matter would be futile given the [insured's] failure to participate." *Id.* at *8.

In the instant matter, all of the same reasons for issuing the requested Default Judgment exist: Aspen is defending the defaulting named insureds under a reservation of rights in the underlying Marzan lawsuit; Aspen will be greatly prejudiced if no default judgment is entered because it will therefore be required to continue to expend monies defending an action it has no obligation to defend; Aspen is entitled to a resolution of these issues so it may cease defending A & R and/or AR&R; the subject policy clearly and unambiguously provides no coverage for the underlying claims; the allegations in the Complaint in this lawsuit are supported by documents establishing the undisputed facts in this case (and, critically, the relevant fact allegations have all been admitted by Marzan in Defendant's Answer herein); no money damages are sought; the allegations in the underlying lawsuit do not give rise to coverage under the subject policy by Aspen; and because the insureds' default is not due to excusable neglect.

More specifically, Aspen's substantive claim herein is meritorious because the Aspen policy specifically and unambiguously sets forth that it provides coverage arising solely for liability arising out of A & R and AR&R's HVAC operations, while Marzan's Complaint in the underlying action asserts claims for defective maintenance of the subject premises but does not assert any claim regarding HVAC operations. Next, Aspen's Complaint is "sufficient" because it includes copies of the subject Aspen policy and the operative pleading in the underlying

Hon. Alison J. Nathan, U.S.D.J.
October 2, 2012
Page 5

Marzan action, which both speak for themselves. The express terms of the Aspen policy, and the Complaint in the underlying Marzan action speak for themselves, there are no factual discrepancies as to the contents of these documents.

For all of the foregoing reasons, Aspen respectfully submits that the Final Judgment Order submitted to the Court is appropriate and should be executed by Your Honor.

Should you have any questions, please do not hesitate to contact the undersigned.

                Respectfully submitted,

                CLAUSEN MILLER P.C.

By: _____
      John P. De Filippis (JD 2705)

cc:   VIA E-MAIL AND REGULAR MAIL
      Edward I. Nitkewicz, Esq.
      Sanders, Sanders, Block, Woycik,
      Viener & Grossman, P.C.
      *Attorneys for Defendant Jerome Marzan*
      100 Herricks Road
      Mineola, New York 11501

      VIA FEDERAL EXPRESS
      A & R Able Corp.
      924 Brinsmade Avenue
      Bronx, New York 10465

      VIA FEDERAL EXPRESS
      AR&R Associates, Inc.
      924 Brinsmade Avenue
      Bronx, New York 10465